UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

OLUWAFEYISAYO AKINKUGBE

CIVIL ACTION

VERSUS

NO. 17-1670-BAJ-EWD

RED FROG EVENTS, LLC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 17, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

OLUWAFEYISAYO AKINKUGBE

VERSUS

RED FROG EVENTS, LLC, ET AL.

CIVIL ACTION

NO. 17-1670-BAJ-EWD

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by Plaintiff, Oluwafeyisayo Akinkugbe ("Plaintiff"). Defendant, Red Frog Events, LLC ("Red Frog") has filed an opposition.[2]

For the reasons set forth herein, the undersigned recommends[3] that the Motion to Remand be **GRANTED** and that this matter be **REMANDED** to the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana. The undersigned further **RECOMMENDS** that Plaintiff's request for an award of fees and expenses pursuant to 28 U.S.C. § 1447(c) be **DENIED**.

### I.   Background

Plaintiff filed a Petition for Damages against Red Frog and various other defendants[4] in state court for damages allegedly arising out of injuries Plaintiff sustained when a dome-shaped obstacle Plaintiff was climbing as part of the "Warrior Dash" collapsed. Per the Petition, Plaintiff

---

[1] R. Doc. 11.

[2] R. Doc. 22.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] The other defendants named in Plaintiff's Petition are: Auto Owners Insurance Company, Builders Mutual Insurance Company, Peterson Builders, ABC Insurance Company, Megan E. Gaseor, Mary A. Kreke, Emily A. Littlejohn, West Feliciana Parish Parks and Recreation ("West Feliciana Parks"), West Feliciana Police Jury ("Police Jury"), and 123 Insurance Company. R. Doc. 1-1, ¶ 1. In addition to arguing that the amount in controversy is insufficient, Plaintiff also asserts that remand is proper because West Feliciana Parks and/or the Police Jury are properly joined, non-diverse defendants. Because the undersigned finds that Red Frog has failed to meet its burden of establishing that the amount in controversy is met in this matter, it is not necessary to reach the issue of whether West Feliciana Parish and/or the Police Jury are properly joined. In the event this Recommendation is *not* adopted, it is recommended that this matter be referred back to the undersigned for an analysis of the improper joinder argument.

contends that he "sustained injuries causing him great physical pain and suffering; mental pain and suffering; past and future lost wages; past and future lost earning capacity; past, present and future medical, rehabilitation and pharmacy expenses; and past, present and future loss of enjoyment of life."[5]

On November 16, 2017, Red Frog removed this action to this court pursuant to 28 U.S.C. § 1332.[6] Per its Notice of Removal, Red Frog contends that the amount in controversy for federal jurisdiction is satisfied because (1) Plaintiff failed to include an allegation, pursuant to Louisiana Code of Civil Procedures article 893(A)(1) that federal jurisdiction was lacking due to insufficiency of damages;[7] (2) Plaintiff alleged he suffered "great" injuries and seeks multiple categories of damages, including *inter alia*, damages for emotional distress;[8] (3) general damage awards for soft tissue injuries and emotional distress in other cases support that the jurisdictional

---

[5] R. Doc. 1-1, ¶ 13.

[6] In its Notice of Removal, Red Frog asserts that the removal was timely because it was filed "within 30 days of October 20, 2017, which is the date it received Citation and the Plaintiffs' Petition for Damages…and within the 1 year period set forth in 28 U.S.C. § 1446(c)." R. Doc. 1, ¶ 34. 28 U.S.C. § 1446(b)(1) provides, *inter alia*, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." With respect to the thirty day period which is triggered from the defendant's receipt of the initial pleading, as provided in 28 U.S.C. § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir.2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)). Pursuant to *Chapman*, if a plaintiff wants the thirty day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. It is undisputed that Plaintiff's initial pleading does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the thirty day period for removing the action was not triggered by service of the initial pleading. *See*, *Vatter v. Walker*, Civil Action No. 17-171, 2017 WL 3498868, at * 3 (M.D. La. July 10, 2017) ("It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.").

[7] R. Doc. 1, ¶¶ 20-21.

[8] R. Doc. 1, ¶ 22.

3

threshold is met;[9] and (4) Plaintiff refused to execute a pre-removal stipulation regarding his damages.[10]

On December 14, 2017, Plaintiff filed the instant Motion to Remand.[11] Plaintiff contends that his boilerplate list of damages do not support federal jurisdiction, and that prior to Red Frog's removal, Plaintiff agreed to stipulate that "the current value of all claims in this matter is less than seventy five thousand."[12] Additionally, Plaintiff points out that on June 9, 2017, he submitted a $35,000.00 settlement demand. In that settlement demand, Plaintiff asserted that he had been diagnosed "as having strain and lumbosacral, lumbar paraspinal muscle spasm," that "x-rays of the lumbar spine…showed no abnormality," that he had "been limited in his ability to perform exercises" and could not perform duties as a physical fitness trainer for Anytime Fitness,[13] and that as of the date of the demand, he had incurred total medical expenses of $4,121.00.[14]

## II.  Law and Analysis

### a. Red Frog Has Not Met Its Burden of Establishing that the Amount in Controversy Requirement for Federal Subject Matter Jurisdiction is Met

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and

---

[9] R. Doc. 1, ¶ 23.

[10] R. Doc. 1, ¶ 25.

[11] R. Doc. 11.

[12] R. Doc. 11-1, p. 2.

[13] There is no indication in any parties' briefing or supporting evidence regarding Plaintiff's claimed lost wages.

[14] R. Doc. 11-10.

[15] 28 U.S.C. § 1441(a).

4

costs."[16] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[17] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[18] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[19] The removing party has the burden of proving federal diversity jurisdiction.[20] Remand is proper if at any time the court lacks subject matter jurisdiction.[21]

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[22] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[23] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[24]

It is not facially apparent from the Petition that the Plaintiff's claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs. Plaintiff alleges broad categories

---

[16] 28 U.S.C. § 1332(a)-(a)(1).

[17] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[18] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[19] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[20] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[21] *See*, 28 U.S.C. § 1447(c).

[22] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[23] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[24] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

of damage, including "physical pain and suffering; mental pain and suffering; past and future lost wages; past and future lost earning capacity; past, present and future medical, rehabilitation and pharmacy expenses; and past, present and future loss of enjoyment of life."[25] Although Red Frog points out that Plaintiff alleges he sustained injuries that caused him "great" physical pain and suffering, the Petition does not provide any facts regarding the severity of the injuries other than this adjective and the unsupported categories of damages alleged. Further, the Petition fails to indicate the amount of medical expenses incurred or Plaintiff's lost wages. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[26]

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the court must next consider whether Red Frog has met its burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. Red Frog asserts that numerous factors support a finding that the requisite amount in controversy is met here.

First, although Red Frog recognizes that Plaintiff made a $35,000 settlement demand, it points out that Plaintiff's counsel also stated in that demand that she felt "the case has a judgment

---

[25] R. Doc. 1-1, ¶ 13.

[26] *Broadway v. Wal-Mart Stores, Inc.*, Civ.A 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). *See also*, *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6884347, at * 3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, Civil Action 17-414, 2017 WL5762436, at * 3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

6

value in excess of $35,000.00."[27] Red Frog argues that this language "essentially 'kept the door open' for [Plaintiff] to obtain damages in excess of $75,000.00 in state court."[28] Red Frog asserts that "Plaintiff understates the importance of crucial language in his settlement demand that his injuries 'likely **exceed** $35,000.00' and his refusal to stipulate."[29]

"This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal."[30] Here, Plaintiff's June 9, 2017 settlement demand details Plaintiff's medical expenses and alleged injuries, and provides case law (discussed below) supporting his demand of $35,000.00.[31] In light of the detail therein, the undersigned finds that the June 9, 2017 settlement demand was an honest pre-suit assessment by Plaintiff evidencing what Plaintiff believed was a reasonable settlement value.[32] While Red Frog relies on Plaintiff's counsel's statement that she felt "the case has a

---

[27] *See*, R. Doc. 11-10.

[28] R. Doc. 22, p. 12.

[29] R. Doc. 22, p. 12. Emphasis in Red Frog's briefing.

[30] *Lilly v. Dollar General Corp.*, Civil Action No. 17-459, 2017 WL 4836539, at * 3 (M.D. La. Sept. 18, 2017) (citing *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995)). *See also*, *Kimble v. Am. First Ins. Co.*, Civil Action No. 14-67, 2014 WL 1761556 (M.D. La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station Properties, Inc.*, Civil Action No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, Civ. A. 03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Soileau v. Louisville Ladder Inc.*, Civil Action No. 08-385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

[31] *See*, R. Doc. 11-10.

[32] *See*, *e.g.*, *Leonard v. Sentry Select Ins. Co.*, Civil Action No. 15-675, 2016 WL 1393382, at * 4 (M.D. La. March 11, 2016) (noting that "[t]he Fifth Circuit has stated that a 'plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial.'") (citing *Kliebert v. The Upjohn Co.*, 915 F.2d 142, 145 (5th Cir. 1990), vacated for reh'g en banc, 923 F.2d 47 (5th Cir.1991), appeal dism'd per stipulation of settlement, 947 F.2d 736 (5th Cir. 1991) (although not binding, this analysis is nevertheless instructive on this point)). While a settlement demand may be discounted to take into account the risk of loss at trial, the undersigned finds that such discount is likely not much here in light of the cases cited in the settlement demand letter.

judgment value in excess of $35,000.00," the undersigned finds that such language, without more, does not support the assumption that Plaintiff believed the case had a judgment value of more than twice the amount of his settlement demand. Accordingly, the undersigned finds that the $35,000.00 pre-suit settlement demand is evidence of the amount in controversy in this matter, but it does not support a finding that the amount in controversy is met in this case.

With respect to Plaintiff's failure to stipulate, this court has found that it "may consider the Plaintiff's refusal to sign the stipulation [that the amount in controversy was less than $75,000] as a factor in determining whether Defendant has met its burden of proof."[33] Here, it appears that although Plaintiff was willing to enter into some form of "stipulation" regarding his damages, the parties could not agree on the specific language for such stipulation. While Red Frog's proposed language stipulated as to the "total value" of Plaintiff's claims and included a "waiver" of Plaintiff's entitlement to damages in excess of the jurisdictional threshold, Plaintiff's proposed language set forth only that "the current value of all claims in this matter is less than seventy five thousand and 00/100…."[34] Plaintiff's proposed language would have left open the possibility that his damages were greater than $75,000, and therefore the undersigned considers this to be similar to a refusal to stipulate.[35] While Plaintiff's refusal to stipulate is evidence that the amount in

---

[33] *Cage v. Hobby Lobby Stores, Inc.*, Civil Action No. 14-58, 2015 WL 803120, at * 4 (M.D. La. Feb. 25, 2015) (citing *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at * 5 (W.D. La. Feb. 4, 2014)). *See also*, *Riley v. Southern Fidelity Ins. Co.*, Civil Action No. 11-1482, 2011 WL 3567515, at * 5 (E.D. La. Aug. 12, 2011) ("'[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden' regarding the amount in controversy.") (citing *Meza v. Best Western International, Inc.*, Civil Action No. 10-2623, 2010 WL 5146524, at * 2 n. 3 (E.D. La. Dec. 8, 2010) & *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006)).

[34] R. Doc. 11-5.

[35] "Because Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Leonard v. Sentry Select Ins. Co.*, Civil Action 15-675, 2016 WL 1393382, at * 4 (M.D. La. March 11, 2016) (citing *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F.Supp.2d 775, 779 (W.D. La. 2008) (citing La. C.C. Art. 1853; La. C.C.P. art 862)).

controversy is met, as stated above, it is but one factor in the court's amount in controversy analysis.

Next, Red Frog relies on Plaintiff's failure to include the required jurisdictional allegation in his Petition. Louisiana Code of Civil Procedure article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required." This court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[36] Like Plaintiff's failure to stipulate, Plaintiff's failure to include an allegation pursuant to La. C.C.P. 893(A)(1) is a factor considered by the undersigned when determining whether Red Frog has met its burden of establishing that the amount in controversy is met.

Lastly, Red Frog contends that case law relative to soft tissue injury damage awards and awards for "emotional distress damages" support a finding that the amount in controversy is satisfied here.

[36] *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007). *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007) ("Furthermore, the plaintiff does not include any allegation in its petition, as required by Louisiana Code of Civil Procedure article 893(A)(1), that its damages were less than the requisite amount to assert federal jurisdiction. While likewise not determinative, the absence of such an allegation is another factor indicative of a sufficient amount in controversy.").

With regard to soft tissue injuries, Red Frog points out that Plaintiff himself relied upon *Millican v. Ponds*[37] in his settlement demand, wherein "a Louisiana court awarded $6,250.00 for **each month** of soft tissue injuries and pain to the back."[38] That notwithstanding, the other case relied upon by Plaintiff in his settlement demand, *Moraus v. Frederick*,[39] supports a lower award.[40] Accordingly, even Plaintiff's settlement demand (which presumably set out to present Plaintiff's damages claim in its best light), cited a case which would not support a finding that Plaintiff's damages exceeded $75,000 at the time of Red Frog's removal.[41] Further, Plaintiff's settlement demand set forth his medical expenses as of June 9, 2017 as totaling $4,121.00.[42] This court has found that the amount in controversy requirement was not satisfied where soft tissue injuries were alleged and a plaintiff had incurred a similar amount of medical expenses.[43]

---

[37] 763 So.2d 1188 (La. App. 1. Cir. June 23, 2000).

[38] R. Doc. 22, p. 13. Although both parties characterize *Millican* as awarding $37,000 for six months of soft tissue injuries, it appears that the court affirmed an award of $42,500.00 for damages for soft tissue injuries despite finding the award "relatively high" where plaintiff was "violently thrown about the cab of her car and suffered a laceration of her left arm, numerous bruises and abrasions on the left side of her torso and head, recurring headaches, and a whiplash injury from which she endured six months of pain." 762 So. 2d at 1192. The court noted that plaintiff endured six months of pain. 762 So. 2d at 1192. Assuming plaintiff's damage award of $42,500 in *Millican* was for six months of soft tissue injury, the award would break down to an award of $7,083 a month.

[39] 916 So. 2d 474 (La. App. 3 Cir. Nov. 2, 2005).

[40] *See*, *Moraus*, 916 So.2d at 481 (affirming damage award for soft tissue injuries to plaintiff's upper arm, left shoulder and neck averaging $2,625.00 per month).

[41] Red Frog removed this action on November 16, 2017. R. Doc. 1. Plaintiff's Petition seeks damages arising out of the October 8, 2016 Warrior Dash. Assuming Plaintiff's reliance on *Moraus* was appropriate, an award of $2,625.00 per month for thirteen months of soft tissue injury would total $34,125.00.

[42] R. Doc. 11-10. Plaintiff's June 9, 2017 settlement demand indicates that the bulk of Plaintiff's medical expenses - $3,388.00 out of the $4,121.00 total – were incurred due to treatment with LeGlue Physical Medical Clinic. R. Doc. 22-5, p. 2. Additionally, medical records attached to the June 9, 2017 letter from LeGlue Physical Medicine Clinic show that Plaintiff treated at LeGlue for one month (from February 14, 2017 through March 16, 2017). R. Doc. 22-5, pp. 5-6. Although there appears to be a prescription from Dr. LeGlue dated April 14, 2017, there is no indication that Plaintiff had any additional treatment or that future treatment is planned. R. Doc. 22-5, p. 19.

[43] *See*, *Tucker v. Cincinnati Ins. Co.*, Civil Action No. 17-414, 2017 WL 5762436, at * 4 (M.D. La. Aug. 24, 2017) ("Plaintiff has submitted summary judgment type evidence indicating that she has suffered neck, back, and buttock pain, headaches, and sleep disturbances. There is no indication that Plaintiff has suffered any disc herniation or bulging, or that her treating physician has recommended surgery or any type of invasive treatment. The medical bills submitted by Plaintiff indicate that she has only incurred $6,225 in medical expenses to date. This evidence supports a finding that the amount in controversy requirement is not satisfied."); *Sanchez v. Big Lots Stores, Inc.*, Civil Action No. 10-208, 2011 WL 900295, at * 3 (M.D. La. Feb. 18, 2011) ("Considering that the only information about Sanchez's injuries and medical treatment is that provided in her petition and in her present supporting memorandum,

10

Finally, although Red Frog contends that Plaintiff's claim for "emotional distress damages alone" could support the requisite amount in controversy, the undersigned finds that the cases relied upon by Red Frog are clearly distinguishable. In *Guillot v. DaimlerChrysler Corp.*,[44] a large general damage award was affirmed where plaintiffs testified to the "extreme anguish and emotional suffering associated with making the determination" to end their infant child's life. There, the child's mother had been pinned between the door of the family's vehicle and a brick column while pregnant and the infant (who had been delivered following the accident) had been subsequently kept on life support for seventeen days. In *Wilkerson v. Kansas City Southern Railway*,[45] mental anguish awards of $125,000 and $150,000 were affirmed where decedent's parents were the first to arrive on the scene of an accident and found their daughter with "massive injuries" following an accident in which her vehicle had been broadsided by a train. Finally, in *Seals v. Shelter Ins. Co.*,[46] the court affirmed an award of $125,000 for mental anguish to a minor child stemming from injuries sustained when the truck she was riding in flipped. Another child died in the accident and the minor was subsequently diagnosed with severe depression related to the accident which would require extensive therapy for the rest of her life. While these cases support the unremarkable position that certain factual circumstances may support awards for emotional distress damages exceeding the jurisdictional amount, they do not dictate such a result in this particular case given both the extreme nature of the circumstances set forth in those cases and the lack of any information suggesting that Plaintiff's damages here would be similar.

---

wherein she indicates that her medical expenses in this matter total only approximately $5,000.00 and that her only continuing injuries relating to the accident are headaches, dizziness, and soft tissue neck pain, the undersigned finds that there is not sufficient evidence before the Court indicating that the requisite amount in controversy is met in this case for purposes of diversity jurisdiction.").

[44] 50 So. 3d 173 (La. App. 4 Cir. 2010).

[45] 772 So.2d 268 (La. App. 2 Cir. 2000).

[46] 894 So. 2d 1259 (La. App. 2 Cir. 2005).

Because there are factors here that weigh in favor of remand and factors that weigh against, the doubt is resolved in favor of remand.[47]  Accordingly, Red Frog has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  As such, Plaintiff's Motion to Remand should be GRANTED.

### b. Plaintiff's Request for Fees Should Be Denied

In the Motion to Remand, Plaintiff also seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[48]  However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary.[49]  In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[50]  Review of the record shows that an award of costs and attorney's fees is not warranted in this case.  As explained above, although the undersigned ultimately recommends this suit be remanded, there are factors that weigh in favor of retaining jurisdiction.  As such, Plaintiff's request for the costs and attorney's fees incurred in filing the Motion to Remand should be DENIED.

---

[47] *Gasch*, 491 F.3d at 281-82.

[48] 28 U.S.C. § 1447(c).

[49] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).

[50] *Id*. at 293.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Motion to Remand[51] filed by Plaintiff, Oluwafeyisayo Akinkugbe, be **GRANTED** and that this matter be **REMANDED** to the 20th Judicial District Court for the Parish of West Feliciana, State of Louisiana.[52] The undersigned further **RECOMMENDS** that Plaintiff's request for an award of fees and expenses pursuant to 28 U.S.C. § 1447(c) be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 17, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[51] R. Doc. 11.

[52] In the event this Recommendation is *not* adopted, it is recommended that this matter be referred back to the undersigned for an analysis of the improper joinder argument.